UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22919-MOORE/Elfenbein

**SOUTH POINTE GLOBAL, LLC**,

    Plaintiff,

v.

**NEW SPARKS CAPITAL INVESTORS, LP**, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff South Pointe Global, LLC's Motion for Default Final Judgment (the "Motion"). *See* ECF No. [18]. The Honorable K. Michael Moore referred the Motion to me "to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding Plaintiff's Motion for Default Judgment." *See* ECF No. [20]. For the reasons explained below, I respectfully **RECOMMEND** that the Motion, **ECF No. [18]**, be **GRANTED**.

**I.      BACKGROUND**[1]

This lawsuit arises out of a business relationship between Plaintiff, Defendant New Sparks

---

[1] The Court takes the facts in this section from the allegations in the Complaint, which by their default Defendants have admitted. *See, e.g.*, *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact as set forth in the operative complaint." (quotation marks omitted)). The Court also takes the facts from the relevant contracts, which Plaintiff referred to in the Complaint and filed with an affidavit in support of the Motion. *See* ECF No. [23]; *ROOR v. Sanz Bros., LLC,* No. 16-CV-61429, 2018 WL 1881287, at *5 (S.D. Fla. Mar. 1, 2018), *report and recommendation adopted*, No. 16-CV-61429, 2018 WL 1875621 (S.D. Fla. Mar. 7, 2018) (explaining that, based on Eleventh Circuit precedent, "a document need not be physically attached

CASE NO. 24-CV-22919-MOORE/Elfenbein

Capital Investors, LP ("Capital"), and Defendant Mark Sparks ("Sparks").  *See* ECF No. [1].  In July 2023, Plaintiff and Defendant Capital executed a promissory note in which Plaintiff loaned Capital $500,000 (the "Note").  *See* ECF No. [1] at 2; ECF No. [23] at 4–7.  Defendant Sparks personally guaranteed Capital's performance of the Note through a separate Personal Guaranty Agreement (the "Guaranty").  *See* ECF No. [1] at 2; ECF No. [23] at 8–11.  Florida law governs both the Note and the Guaranty.  *See* ECF No. [23] at 6, 10.

Under the terms of the Note, Capital agreed to repay Plaintiff the principal and interest "in regular intervals" — specifically, on the first of every month — and to repay all principal and interest in full "no later than February 1, 2024."  *See* ECF No. [1] at 2; ECF No. [23] at 4.  The Note set a general interest rate of 6% per year for amounts paid timely and an increased interest rate of 10% for any amounts that "became in default."  *See* ECF No. [1] at 2–3; ECF No. [23] at 4.  And the Note defined four situations that would "constitute an event of default."  *See* ECF No. [23] at 5.  Two of those default events are relevant here.

The Note provided that Defendants would default if they "fail[ed] to pay in full, when due, any installment of Interest or Principal" or if they breached "any term, condition, representation, warranty or covenant under either" the "Note or the Personal Guaranty Agreement."  *See* ECF No. [23] at 5.  If Defendants defaulted, the Note required Plaintiff to give them "written notice" and, if the default was a failure to timely pay an installment, five calendar days to cure the default by paying the past-due amount with interest.  *See* ECF No. [23] at 6.  If Defendants failed to cure, Plaintiff could accelerate "all amounts due" under the Note and "exercise any and all rights and

---

to a pleading to be incorporated by reference into it; if the document's contents are central to the plaintiff's claim, is referenced in the complaint and no party questions the authenticity of the document." (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2007)); *Transcendent Mktg. & Dev., LLC v. C & C Prop. Invs., LLC*, No. 23-CV-318, 2025 WL 687057, at *2 (S.D. Ga. Mar. 4, 2025) (stating that, on default judgment, a court may consider evidence presented in an affidavit or declaration).

remedies available to" it "at law, in equity or otherwise," including enforcing payment of the Note. *See* ECF No. [23] at 6.  The Note also gave Plaintiff the right "to recover . . . all reasonable costs of collection" of the Note or any installment, including "reasonable" attorney's fees.  *See* ECF No. [23] at 6.

Capital failed "to repay the principal and interest when and as due," and Sparks failed "to pay amounts owing under the Note" when Capital "failed to pay."  *See* ECF No. [1] at 2.  After those failures, the Parties entered into a Forbearance Agreement (the "Forbearance").  *See* ECF No. [1] at 2.  In the Forbearance, Defendants "admitted" that, as of April 10, 2024, Capital owed Plaintiff a total of $763,182 (the "Default Amount").  *See* ECF No. [1] at 2.  Defendants agreed to pay Plaintiffs a specified amount of that total by "the end of May 2024."  *See* ECF No. [1] at 3.  Plaintiff agreed not to take any legal action through that date if Defendants paid the Default Amount.  *See* ECF No. [1] at 3.  And the Parties agreed that, if Defendants did not pay that specified amount by the end of May 2024, Capital would owe Plaintiff the full Default Amount.  *See* ECF No. [1] at 3.  Sparks' Guaranty "covers" Capital's "obligation under the Forbearance."  *See* ECF No. [1] at 3.

Defendants did not timely pay the amount specified in the Forbearance, nor did they pay the Default Amount in full.  *See* ECF No. [1] at 3.  Plaintiff demanded payment, but Defendants "have paid no amount of money to Plaintiff" to satisfy the Note, the Guaranty, or the Forbearance.  *See* ECF No. [1] at 3.  For that reason, Plaintiff filed this lawsuit in July 2024 asserting two claims: (1) breach of contract against Capital and (2) breach of contract/guaranty against Sparks.  *See* ECF No. [1] at 3–5.

In the Complaint, Plaintiff alleges that the Note and the Forbearance are valid and binding contracts between it and Capital and that the Guaranty is a valid and binding contract between it

3

and Sparks.  *See* ECF No. [1] at 3–5.  Plaintiff alleges it has "performed all of its obligations" under those three agreements, but Capital is "in default" under the Note and the Forbearance for failing to make payments as and when due, and Sparks is "in default" under the Guaranty and the Forbearance for the same reason.  *See* ECF No. [1] at 3–5.  According to Plaintiff, Defendants have been in default since they "failed to pay the Default Amount by the end of May" 2024 and interest "continues to accrue" on the unpaid amount at the increased interest rate of 10% per year.  *See* ECF No. [1] at 3.

Plaintiff alleges that, because Defendants are in default, both are "liable for the full Default Amount," "interest accruing from the default date at a rate of 10% per" year, and "reasonable attorney['s] fees."  *See* ECF No. [1] at 3–5.  Plaintiff asks for a judgment against both Defendants awarding it the foregoing damages, attorney's fees, post-judgment interest, and the costs of this lawsuit.  *See* ECF No. [1] at 5.

Plaintiff served Defendants with the Complaint on August 22, 2024, *see* ECF No. [14]; ECF No. [15], but they did not respond.  Based on Defendants' non-responsiveness, Plaintiff moved for entry of Clerk's default, *see* ECF No. [16], which the Clerk of Court granted, *see* ECF No. [17].  Plaintiff then filed the Motion in which it reiterates that "Defendants failed to make payments due under the Note," and it notes they also have "not filed any response or appeared to contest" the Clerk's default.  *See* ECF No. [18] at 2.  Plaintiff contends it is entitled to a default judgment under Federal Rule of Civil Procedure 55 because Defendants failed to respond to the Complaint and, therefore, are precluded from contesting Plaintiffs' claims or Defendants' liability for those claims.  *See* ECF No. [18] at 2.  Plaintiff argues Defendants are liable for "the principal amount," "accrued interest," and "other amounts due as specified" in the loan documents, which as of October 20, 2024, totaled $839,500.20.  *See* ECF No. [18] at 2. *See* ECF No. [18] at 2.

4

In support of the Motion, Plaintiff filed the affidavit of its Chair Darrell L. Crapps, who "monitor[s] the affairs" of Plaintiff as it relates to "the collection of claims, including the" debt at issue here. *See* ECF No. [23] at 1. Crapps averred that he is "familiar with" the Note, the Guaranty, and "other related loan documents" and that he "reviewed" Plaintiff's business records before making the affidavit. *See* ECF No. [23] at 1–2. From that review, Crapps confirmed that Defendants "failed to make any payments due under" the Note as of November 25, 2024 and that, as of November 26, 2024, Defendants owed Plaintiff a total of $839,500.20.[2] *See* ECF No. [23] at 2. Crapps attached the Note and the Guaranty to his affidavit. *See* ECF No. [23] at 4–11.

Defendants did not respond to the Motion, even though Plaintiff served them with a copy via U.S. Mail, *see* ECF No. [18] at 4, and the deadline to do so has passed. The Motion is now ripe for review.

## II.   LEGAL STANDARDS

### A. Default Judgment Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55 (a). After the clerk enters a default, the Court is authorized to enter a final default judgment if the party seeking it applies for one. *See* Fed. R. Civ. P. 55 (b)(2); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) ("When a defendant has failed to plead or defend, a district court may enter judgment by default.").

"A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact' as set

---

[2] As is clear from the Court's recitation, Plaintiff gives two conflicting dollar amounts for what it claims Defendants owe under the Note: $839,500.20 as of October 20, *see* ECF No. [18] at 2, and $806,850.23 as of November 27, *see* ECF No. [23] at 2. Plaintiff gave no itemized break down of the $839,500.20 it claims in the Motion, *see* ECF No. [18] at 2, but it itemized the $806,850.23 it claims in Crapps' affidavit this way: (1) $500,000 in principal; (2) $294,891.73 in accrued interest; (3) $10,848.50 in attorney's fees; and (4) $1,110 in costs, *see* ECF No. [23] at 2.

forth in the operative complaint." *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1298 (S.D. Fla. 2016) (quoting *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009)). But the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain*, 789 F.3d at 1245 (quotation marks omitted). And a defendant's default does not automatically permit the Court to enter a default judgment: "Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered." *Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256, 1259 (S.D. Fla. 2019); *see also Surtain*, 789 F.3d at 1245 ("Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." (quotation marks omitted)).

The Eleventh Circuit has "interpreted the standard" for evaluating whether a sufficient basis for default judgment exists "as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245; *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim."). Of course, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This plausibility standard is met 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Surtain*, 789 F.3d at 1245 (quoting *Iqbal*, 556 U.S. at 678).

### B. Breach of Contract/Breach of Guaranty

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting

from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009); *see also Isaac Indus., Inc. v. Petroquimica de Venezuela, S.A.*, 676 F. Supp. 3d 1227, 1232 (S.D. Fla. 2023); *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega*, 564 F.3d at 1272; *see also St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

"A guaranty is a collateral promise to answer for the debt or obligation of another." *FDIC v. Univ. Anclote, Inc.*, 764 F.2d 804, 806 (11th Cir. 1985); *see also Amerishop Mayfair, L.P. v. Billante*, 833 So. 2d 806, 809 (Fla. 3d DCA 2002) ("A contract of guaranty is the promise to answer for the payment of the debt, default or performance of another."). "The same elements required to prove a breach of contract claim must be established to successfully allege a breach of guaranty claim." *Venus Concept USA, Inc. v. Smith High Inc.*, No. 21-CV-21558-KMM, 2022 WL 3701553, at *3 (S.D. Fla. Apr. 27, 2022) (citation omitted); *Swan Landing Dev., LLC v. Fla. Cap. Bank, N.A.*, 19 So. 3d 1068, 1072 (Fla. 2d DCA 2009) ("The counts asserting claims under the note and guaranty are breach of contract counts."). "The extent of the guarantor's liability depends upon the language of the guaranty itself and is usually equal to that of the principal debtor." *Univ. Anclote, Inc.*, 764 F.2d at 806. Indeed, a "guarantor is liable only in the event and to the extent that his principal is liable," and if the principal pays or satisfies its obligation, "the guarantor's obligation is terminated." *Id.* (quotation marks omitted).

### III. DISCUSSION

As explained above, Plaintiff moves for default judgment against Defendants because they failed to make any payments due under the Note, have not responded to the Complaint, and have not contested the Clerk's default. *See* ECF No. [18] at 2. For default judgment to be warranted,

there must be a sufficient basis in the pleadings to support it.  *See Surtain*, 789 F.3d at 1245; *Chanel, Inc*, 362 F. Supp. 3d at 1259.  There is a sufficient basis to support default judgment when the Complaint states a claim to relief that is plausible on its face.  *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  And a claim is plausible on its face if it allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged.  *See Surtain*, 789 F.3d at 1245; *Iqbal*, 556 U.S. at 678.

The Complaint alleges two counts, each of which is a version of breach of contract.  *See* ECF No. [1] at 3–5; *Venus Concept USA, Inc.*, 2022 WL 3701553, at *3; *Swan Landing Dev.*, 19 So. 3d at 1072.  To state a breach of contract claim under Florida law, Plaintiff had to plead: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach.  *See Vega*, 564 F.3d at 1272.  And to show the existence of a contract, Plaintiff had to plead: (1) an offer; (2) acceptance of that offer; (3) consideration in support of the contract; and (4) sufficient specification of the contract's essential terms.  *See id.*; *McIver*, 875 So. 2d at 381.  Plaintiff has done so.

As to the breach of contract claim against Capital, Plaintiff alleges that in July 2023, it entered into a promissory note with Capital.  *See* ECF No. [1] at 2.  The Note itself, which the Court can consider because Plaintiff refers to it in the Complaint and it is central to the claims, *see* ECF No. [1]; *ROOR*, 2018 WL 1881287 at *5, confirms that allegation, *see* ECF No. [23] at 4–7.  Plaintiff further alleges, and the Note itself confirms, that Plaintiff loaned Capital $500,000 and that Capital agreed to certain repayment terms, including a base interest rate of 6% per year, a default interest rate of 10% per year, interval payments on the first of every month, and full satisfaction of the loan and interest no later than February 1, 2024.  *See* ECF No. [1] at 2–3; ECF No. [23] at 4–7.  Next, Plaintiff alleges Capital is in default for failing to pay the Note as promised,

*see* ECF No. [1] at 2–3, and the Note itself confirms Capital would be in default if it failed to pay any installment of the loan in full when it was due, *see* ECF No. [23] at 5.

Those allegations are sufficient to establish the existence of a valid contract because they demonstrate that: Plaintiff offered a $500,000 loan to Capital with certain repayment terms and timing; Capital accepted the money and repayment terms and timing; both sides received adequate consideration (the loan money for Capital, the interest for Plaintiff); and the essential terms of the contract — including what interest rate applied to timely payments and in default and when installments and final payment was due — are sufficiently specific. *See* ECF No. [1] at 2–3; *Vega*, 564 F.3d at 1272; *McIver*, 875 So. 2d at 381. The Note itself, which Capital signed through its president Sparks, confirms that Plaintiff and Capital formed a contract with these terms. *See* ECF No. [23] at 4–7.

Those allegations are also sufficient to establish that Capital breached the Note by failing to pay any amount of money to Plaintiff to satisfy it. *See* ECF No. [1] at 3; *Vega*, 564 F.3d at 1272. And while Plaintiff does not specifically allege that Capital's failure to pay the Note caused it to sustain damages, *see generally* ECF No. [1], the other allegations in the Complaint make clear that damage did occur: Plaintiff has not received any of the $500,000 it loaned Capital, nor has it received any of the interest Capital promised to pay as consideration for Plaintiff making that loan, ECF No. [1] at 2–4. Those allegations are sufficient to show Plaintiff incurred damages resulting from the breach. *See Vega*, 564 F.3d at 1272. For these reasons, the Complaint states a claim against Capital for breach of contract that is plausible on its face. *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. This means that Plaintiff has established a sufficient basis in the pleadings to support default judgment against Capital in Count I. *See Surtain*, 789 F.3d at 1245; *Chanel, Inc*, 362 F. Supp. 3d at 1259.

As to the breach of guaranty claim against Sparks, Plaintiff alleges that in July 2023, it entered into a contract of guaranty with Sparks through which he personally guaranteed Capital's performance of the Note.  *See* ECF No. [1] at 2.  The Guaranty, which the Court can consider because, like the Note, Plaintiff refers to it in the Complaint and it is central to the claims, *see* ECF No. [1]; *ROOR,* 2018 WL 1881287 at *5, confirms that allegation, *see* ECF No. [23] at 8–11.  The Guaranty itself provides that Sparks "unconditionally guarantee[d], and promise[d] to pay when due, whether at maturity, by acceleration, or otherwise" the Note to "induce" Plaintiff to "extend a loan" to Capital and that Plaintiff accepted the Note from Capital "in reliance" on Sparks' personal guaranty.  *See* ECF No. [23] at 8–9.  Plaintiff alleges Sparks is in default for failing to pay amounts Capital owed under the Note when Capital failed to pay it in the first instance, *see* ECF No. [1] at 2, and the Guaranty itself confirms Sparks agreed that his "obligations" would "become due and payable immediately" at Plaintiff's option if Capital defaulted on the Note, *see* ECF No. [23] at 8.

Those allegations are sufficient to establish the existence of a valid contract because they demonstrate that: Sparks offered the Guaranty to Plaintiff to induce it to make the $500,000 loan to Capital; Plaintiff accepted the Guaranty and made the loan to Capital as promised; both sides received adequate consideration (the loan to Capital for Sparks, the loan protection for Plaintiff); and the essential terms of the contract — including the extent of Sparks's guaranty and when Plaintiff could collect on that guaranty — are sufficiently specific.  *See* ECF No. [1] at 2–3; ECF No. [23] at 8–11; *Vega*, 564 F.3d at 1272; *McIver*, 875 So. 2d at 381; *Univ. Anclote, Inc.*, 764 F.2d at 806; *Billante*, 833 So. 2d at 809.  The Guaranty itself, which Sparks signed, confirms that Plaintiff and Sparks formed a contract with these terms.  *See* ECF No. [23] at 8–11.

Those allegations are also sufficient to establish that Sparks breached the Guaranty by

failing to pay any amount of money to Plaintiff to satisfy the Note when Capital defaulted. *See* ECF No. [1] at 2–3; *Vega*, 564 F.3d at 1272. And Plaintiff specifically alleges it "has been damaged by" Sparks's "refusal and failure to pay amounts owed under the Guaranty," *see* ECF No. [1] at 4, which the other allegations in the Complaint support. As noted above, Plaintiff has not been repaid any of the $500,000 it loaned Capital, nor has it been paid any of the interest Capital promised, ECF No. [1] at 2–4, and Sparks guaranteed he would pay both if Capital did not, *see* ECF No. [23] at 8–11. Those allegations are sufficient to show Plaintiff incurred damages resulting from the breach. *See Vega*, 564 F.3d at 1272. For those reasons, the Complaint states a claim against Sparks for breach of guaranty that is plausible on its face. *See Surtain*, 789 F.3d at 1245; *Chudasama*, 123 F.3d at 1370 n.41; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. This means that Plaintiff has established a sufficient basis in the pleadings to support default judgment against Sparks in Count II. *See Surtain*, 789 F.3d at 1245; *Chanel, Inc*, 362 F. Supp. 3d at 1259.

**IV.   CONCLUSION**

For the reasons explained above, I respectfully **RECOMMEND** that:

1. Plaintiff's Motion for Entry of Default Final Judgment against Defendants, **ECF No. [18]**, be **GRANTED**;

2. A Final Default Judgment **BE ENTERED** in favor of Plaintiff and against Defendants under Rule 55(b);

3. Given the inconsistency in the total amount Plaintiff claims Defendants owe, *see supra* note 2, Plaintiff **BE ORDERED** to file a supplemental affidavit on the amount of damages the Court should award against Defendants pursuant to the Final Default Judgment, including a breakdown of the current amounts of unpaid principal, accrued interest (and how that interest was computed), attorney's fees, and costs; and

4. Post-judgment interest **ACCRUE** on the total judgment at the rate indicated in 28 U.S.C. § 1961 from the date the Final Default Judgment is entered until the total judgment is paid in full.

Pursuant to Local Magistrate Rule 4(b), the parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on July 22, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

**New Sparks Capital Investors, LP**
**Mark Sparks**
154 S. Victory Blvd
Burbank, CA 91502
*PRO SE*